UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

SEDRICK F. JACKSON,
    Petitioner

vs.

M. PETTIFORD, WARDEN,
    Respondent
_____/

2:06CV509-WHA

Case No. 5:04cv/9Br-Su



PETITION FOR WRIT OF HABEAS CORPUS

PURSUANT TO 28 U.S.C. § 2241

INITIAL BRIEF OF PETITIONER

Prepared by:

Sedrick F. Jackson
# 10064-035
Magnolia Camp/F.P.C.
P.O. Box 5000
Yazoo City, MS. 39194

# TABLE OF CONTENTS

TABLE OF CONTENTS........................................... 1

TABLE OF CITATIONS.......................................... 2

DECLARATION UNDER PENALTY OF PERJURY........................ 4

ISSUE PRESENTED FOR REVIEW.................................. 5

STATEMENT OF JURISDICTION................................... 6

STATEMENT OF THE CASE....................................... 7

STATEMENT OF THE FACTS...................................... 9

REASONS FOR GRANTING THE WRIT.............................. 10

REQUEST FOR RELIEF......................................... 16

## TABLE OF CITATIONS

| Case | Page(s) |
|---|---|
| Dunne v. Keohane, 14 F.3d 335 (7th Cir.), cert. denied, ___ U.S. ___, 114 S.Ct. 2182, 128 L.Ed.2d 900 (1994) | 12 |
| Hernandez v. United States Attorney General, 689 F.2d 915 (10th Cir. 1982) | 11 |
| Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993) | 6 |
| Pinaud v. James, 851 F.2d 27 (2nd Cir. 1988) | 11 |
| Roche v. Sizer, 675 F.2d 507 (2nd Cir. 1982) | 11 |
| Salley v. United States, 786 F.2d 546 (2nd Cir. 1986) | 11 |
| Shields v. Beto, 370 F.2d 1003 (5th Cir. 1967) | 13 |
| Smith v. Swope, 91 F.2d 260 (9th Cir. 1937) | 12 |
| Thomas v. Brewer, 923 F.2d 1361 (9th Cir. 1991) | 10 |
| Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992) | 11 |
| United States v. Bell, 28 F.3d 615 (7th Cir. 1994) | 14 |
| United States v. Cableigh, 75 F.3d 242 (6th Cir. 1996) | 6 |
| United States v. Dorsey, 166 F.3d 558 (3rd Cir. 1999) | 14, 15 |
| United States v. Evans, 1 F.3d 654 (7th Cir. 1993) | 6 |
| United States v. Hicks, 4 F.3d 1358 (6th Cir. 1993) | 14 |

| Case | Page(s) |
| --- | --- |
| United States v. Keifer, 20 F.3d 874 (8th cir.1994) | 15 |
| United States v. Keller, 58 F.3d 884 (2nd Cir.1995) | 6 |
| United States v. Melody, 863 F.2d 499 (7th Cir.1988) | 13 |
| United States v. Otto, 176 F.3d 416 (8th Cir.1999) | 14 |
| United States v. Pungitore, 910 F.2d 1084 (3rd Cir.1990), cert.denied, ___U.S.___, 111 S.Ct. 2009, 114 L.Ed.2d 98 (1991) | 11 |
| United States v. Tracy, 12 F.3d 1186 (2nd Cir.1993) | 14 |
| United States v. Washington, 17 F.3d 230 (8th Cir.1994) | 14 |
| United States v. Wilson, 503 U.S. 329 (1992) | 14 |
| Witte v. United States, 515 U.S. 389, 115 S.Ct.2199, 132 L.Ed.2d 351 (1995) | 15 |

OTHER GUIDELINES, RULES OR STATUTES:

18 U.S.C. § 3585 (a) .......................................... 13

## DECLARATION UNDER PENALTY OF PERJURY

I hereby declare, under penalty of perjury, and pursuant to section § 1746 of Title 28, United States Code, that the facts contained in this Petition For Writ Of Habeas Corpus, which I have filed in the United States District Court for the Southern District Of Mississippi, are willfully subscribed as true.

*Sedrick Jackson*
Sedrick F. Jackson

Dated: 1/12/04

4.

## ISSUE PRESENTED FOR REVIEW

1. Whether or not the petitioner should receive credit for time served beginning on the day he was "delivered" to the custody of the Attorney General to serve his sentence?

## STATEMENT OF JURISDICTION

This Court retains jurisdiction over this matter. At the time of sentencing, the district court often will not know how much credit the defendant will be entitled to. <u>United States v. Keller</u>, 58 F.3d 884 (2nd Cir.1995); <u>United States v. Evans</u>, 1 F.3d 654 (7th Cir.1993).

The custody credit question is not ripe for judicial review until the Bureau Of Prisons has ruled. <u>United States v. Cableigh</u>, 75 F.3d 242 (6th Cir.1996). After the ruling, the prisoner can obtain review of the Bureau Of Prisons determination by filing a habeas petition. See <u>Kayfez v. Gasele</u>, 993 F.2d 1288 (7th Cir. 1993).

## STATEMENT OF THE CASE

On **July 13, 1998** the petitioner was arrested and placed in the Rapides Parish Jail in Alexandria, Louisiana for charges listed in case number 253908-001. Additional charges were filed by both state and federal authorities shortly thereafter.

An **Information** was filed in the United States District Court for the Western District Of Louisiana on **September 4, 1998**[1], charging him with possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) [Count One], and convicted felon in possession of ammunition in violation of 18 U.S.C. § 922(g) [Count Two].

At or around the same time a state parole violation detainer was lodged against him to prevent him from bonding out of jail. At this time the petitioner was in the primary jurisdiction of the State Of Louisiana, and on **September 21, 1998** a writ of habeas corpus ad prosequendum was issued and he was brought before the Honorable F.A. Little, Jr., where on **October 6, 1998**, Petitioner entered a guilty plea as to Counts One and Two. **On July 14, 1999 the petitioner was sentenced by both state and federal judges.**

The Honorable Thomas M. Yeager of the State Of Louisiana sentenced the petitioner to serve five (5) years, for possession of and intent to distribute a controlled substance. **The state sentence was to be run concurrent with the federal sentence with credit for federal and state time already served**[2].

---

1 See EXHIBIT "A", Docket Sheet
2 See EXHIBIT "B", State sentencing, criminal minutes

7.

At the federal sentencing, Judge Little was silent as to whether the federal sentence of 144 months was to be served concurrently with Petitioner's state sentence. The petitioner was remanded to the custody of the Bureau Of Prisons[3], and on **July 22, 1999**, he was delivered to the medium custody facility at the Federal Correctional Complex at Beaumont, Texas. The petitioner remained at the Beaumont facility until **March 15, 2000** when he was returned to the Federal Transfer Center at Oklahoma where he remained for approximately one month. On **April 15, 2000** he was transferred to the Federal Correctional Facility at Tallahassee, Florida. He remained there until he was delivered back to the custody of the State Of Louisiana[4], supposedly for the purposes of classification. He remained in the custody of the State Of Louisiana from **July 28, 2000** thru **July 19, 2001.** The Bureau Of Prisons has only credited him for time beginning on **May 21, 2001**[5].

---

3 See EXHIBIT "C", United States District Court, Western District Of Louisiana, Judgement In A Criminal Case, page 2.

4 On July 28, 2000

5 See EXHIBIT "D", sentence computation sheet.

## STATEMENT OF THE FACTS

Upon review of petitioner's docket sheet we can see that, on October 26, 2001, he submitted a motion to the United States District Court for the Southern District Of Mississippi. The motion was submitted pro-se and the pleading was to receive custody credit for time served. On November 13, 2001, the Honorable F.A. Little, Jr. ordered the U.S. Attorney to respond. The A.U.S.A. requested an extention of time in which to respond to Petitioner's motion, which was granted and on January 25, 2002 the government responded to Mr. Jackson's motion.

On March 29, 2002, the Court dismissed the petitioner's motion without prejudice, for lack of jurisdiction.

Petitioner promptly began seeking relief through the prison administrative process which he has exhausted. This case is now ripe for review by the Court.

## REASONS FOR GRANTING THE WRIT

There are two determinations to be made concerning this case: first, when the petitioner's sentence commenced; and second, to what extent the petitioner may receive credit for any time already spent in state custody.

The law governing prisoners subject to multiple sentences, particularly priosners subject to multiple state and federal sentences, is hardly a model of clarity.

The petitioner was originally arrested by the State Of Louisiana, Parish Of Rapides. As in most cases, where the state and federal charges are "related" or basically stem from a common incident, as in the instant case, the state will nolle prosse the charges in order to allow the federal prosecution to proceed forward. This was not the case here. The State Of louisiana continued to prosecute the petitioner even after the federal charges were filed.

As a general rule, the first sovereign to arrest an offender [6] has priority or primary jurisdiction over him for trial, sentencing and incarceration. <u>Thomas v. Brewer</u>, 923 F.2d 1361, 1365 (9th Cir. 1991).

On September 21, 1998, pursuant to a writ of habeas corpus ad prosequendum, the federal authorities "borrowed" the pteitioner.

---

[6] in this case the State Of Louisiana

On October 6, 1998 he entered a guilty plea and was ultimately sentenced on June 14, 1999.

A federal sentence does not begin to run, however, when a defendant is produced for prosecution in federal court pursuant to a writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation. <u>Thomas v. Whalen</u>, 962 F.2d 358, 361 n.3 (4th Cir.1992); <u>Hernandez v. United States Attorney General</u>, 689 F.2d 915, 918-19 (10th Cir.1982); <u>Roche v. Sizer</u>, 675 F.2d 507, 509-10 (2nd Cir.1982); <u>Salley v. United States</u>, 786 F.2d 546, 547, 548 (2nd Cir.1986)(defendant produced and sentenced in federal court via writ of habeas corpus ad prosequendum did not begin to serve federal sentence until he was delivered into federal custody).

It is difficult to determine when or what sovereign relinquished custody to the other, if in fact, either did. The question now becomes one of **when** the petitioner's federal sentence commenced.

A federal sentence does not commence until the Attorney General of the United States receives the defendant into custody for service of that sentence. <u>Pinaud v. James</u>, 851 F.2d 27, 30 (2nd Cir.1988); <u>United States v. Pungitore</u>, 910 F.2d 1084, 1118-19 (3rd Cir.1990)("a federal sentence does not begin to run until the defendant is delivered to the place where the sentence is to be served"), cert.denied, ____U.S.____, 111 S.Ct. 2009-11, 114 L.Ed.2d 98 (1991).

It was evident that once the petitioner was **recieved** at the Federal Correctional Complex at Beaumont, his federal sentence had begun.

In <u>Smith v. Swope</u>, 91 F.2d 260, 261 (9th Cir.1937), for example, the defendant had been convicted in federal court and had been delivered to the United States Marshal to begin serving his sentence. Presumably, the sentence was started right then. However, the marshal delivered him to the state court, where he was convicted, sentenced and imprisoned. The Court granted him credit for the time he spent in state custody. Furthermore, the Court noted, a prisoner should not have to wait for years "under the shadow of his unserved sentence before it pleases the marshal to incarcerate him". <u>Id.</u> at 262.

A cursory review of Petitioner's file will reveal that from on or about the summer of 1998, Mr. Jackson has been successively a state prisoner on "loan" to the federal government, a federal inmate, a state prisoner, and a federalprisoner again.

"Punishment on the installment plan is forbidden". <u>Dunne v. Keohane</u>, 14 F.3d 335, 336 (7th Cir.), cert.denied, ____U.S.____, 114 S.Ct.2182, 128 L.Ed.2d 900 (1994).

There is a common law rule, which hsa been held applicable to federal sentencing, that unless interrupted by fault of the prisoner, for example as in an escape, a prison sentence runs continuously from the date on which the defendant surrenders to begin serving it.

The government is not permitted to delay the expiration of the sentence either by postponing the commencement of the sentence

or by releasing the prisoner for a time and then reimprisoning him. <u>United States v. Melody</u>, 863 F.2d 499, 504 (7th Cir.1988); <u>Shields v. Beto</u>, 370 F.2d 1003, 1006 (5th Cir.1967). It was in error for the B.O.P. or the Federal Marshal to let Mr. Jackson's federal sentence be interrupted by returning him to the state.

Title 18, United States Code, Section 3585 reads in pertinent part:

> **(a) Commencement Of Sentence-** -a sentence to a term of imprisonment commences on the **date the defendant is received** in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a)(emphasis added).


## A. THE APPLICATION OF U.S.S.G. 5G1.3

For argument's sake, even if the Court should disagree with with the first part of this argument as presented above it will still have to credit the petitioner for the time pursuant to United States Sentencing Guidelines 5G1.3. The sentencing court was authorized to and should have awarded the petitioner credit for his time spent in state detention due to the fact that both state and federal charges arose from a **single** incident.'

A review of the Judgement In A Criminal Case [7] will show that

---

[7] Exhibit "C"

both prosecutions stemmed from a single possession with intent to distribute cocaine, concluding on 5/30/98.

Subsection (b) of § 5G1.3 requires concurrent sentences if the offense was not committed while the defendant was serving a term of imprisonment "and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense". Subsection (b) does not conflict with 18 U.S.C. § 3585(b), which allows the Bureau Of Prisons, but not federal courts to award credit for time served. See <u>United States v. Dorsey</u>, 166 F.3d 558 (3rd Cir.1999)(noting that the Supreme Court in <u>United States v. Wilson</u>, 503 U.S. 329 (1992), held that the courts could not award sentencing credit under § 3585(b), but ruling that subsection (b) of § 5G1.3 is distinguishable because the statute does not deal with federal and state sentences arising from the same criminal episode). The Judge can reduce the petitioner's federal sentence for time spent on a related charge in state custody "even though the Bureau Of Prisons cannot give credit for time served on that sentence". <u>United States v. Otto</u>, 176 F.3d 416 (8th Cir.1999)(emphasis added).

Several circuits have upheld reliance on § 5G1.3(b) where the prior offense has been fully taken into account in determining the offense level for the instant offense. See <u>United States v. Tracy</u>, 12 F.3d 1186 (2nd Cir.1993); <u>United States v. Hicks</u>, 4 F.3d 1358 (6th Cir.1993); <u>United States v. Bell</u>, 28 F.3d 615 (7th Cir.1994); <u>United States v. Washington</u>, 17 F.3d 230 (8th Cir.1994).

In <u>United States v. Keifer</u>, 20 F.3d 874 (8th Cir.1994), the defendant was convicted in the state court of robbery charges, and was convicted in federal court of firearm charges in connection with the robbery. His state and federal sentences were ordered to run concurrent under § 5G1.3, and the district court had the discretion to reduce the defendant's mandatory minimum sentence for the time he had served in state prison as a result of the same course of criminal conduct. See also <u>Dorsey</u>, 166 F.3d at 563.

Since both sovereigns elected to prosecute the petitioner for a crime(s) arising from the same criminal episode, it must award him the credit sought. Sfter all, the Supreme Court has noted that the overall purpose of section 5G1.3 is "to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence". <u>Witte v. United States</u>, 515 U.S. 389, 405, 115 S.Ct. 2199, 2209-10, 132 L.Ed.2d 351, 367 (1995).

## REQUEST FOR RELIEF

On July 22, 1999 the petitioner was received at the Federal Correctional Center at Beaumont, Texas. Under the plain language of Section 3585, United States Code, Title 18, his federal sentence commenced on that day.

Regardless, his state and federal charges arose from the same incident, thus, they were **"related"**. He should have received credit for his state time. This Court, as was the Bureau Of Prisons, is without authority to compute the petitioner's term in any other manner.

**Wherefore,** he respectfully requests this Court to credit him for his time spent in **official detention** beginning form July 22, 1999.

Respectfully submitted,

*[signature]*

Sedrick F. Jackson
# 10064-035
Magnolia Camp/F.P.C.
P.O. Box 5000
Yazoo City, MS. 39194

Dated: 1/13/04

16.