```
YAZE0   540*23  *           SENTENCE MONITORING        *    01-29-2003
PAGE 002 OF 002 *            COMPUTATION DATA          *    12:45:38
                            AS OF 01-29-2003

REGNO..: 10064-035 NAME: JACKSON, SEDRICK FITZGERA


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-12-2001 AT YAZ AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010:  010 010

DATE COMPUTATION BEGAN..........: 05-21-2001
TOTAL TERM IN EFFECT............:     86 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:      7 YEARS       2 MONTHS
EARLIEST DATE OF OFFENSE........: 05-30-1998

TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 337
TOTAL GCT EARNED................: 54
STATUTORY RELEASE DATE PROJECTED: 08-18-2007
SIX MONTH /10% DATE.............: 02-18-2007
EXPIRATION FULL TERM DATE.......: 07-20-2008


PROJECTED SATISFACTION DATE.....: 08-18-2007
PROJECTED SATISFACTION METHOD...: GCT REL




G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

*Exhibit "D"*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the **Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241,** have been mailed to the following:

1) UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF MISSISSIPPI
   OFFICE OF THE CLERK
   245 EAST CAPITOL ST., SUITE 316
   JACKSON, MS. 39201

*Sedrick E. Jackson*
Sedrick E. Jackson
# 10064-035
Magnolia Camp/F.P.C.
P.O. Box 5000
Yazoo City, MS. 39194

Dated: 1/12/04

U.S. Department of Justice  
Federal Bureau of Prisons

# Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Jackson Sedrick F__        __10064-035__        __Magnolia__        __Yazoo City, Ms__
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL** (A-1) I served one year in the custody of the state while awaiting Federal sentence. I was sentenced on 7-14-99 by the state at the same time as the Federal sentence to run concurrent with 12 years served by the Federal court. 30 days after that I was transfered to a B.O.P facility approximatly one year before returning to state custody for classification purpose only. The agreement for pleading guilty to the state was that I received time served along with 5 years run concurrent with Federal time. I should be given time from my initial arrest date 7-31-98.

__10-27-03__                    __Dedrick Jackson__
DATE                           SIGNATURE OF REQUESTER

**Part B—RESPONSE**

[RECEIVED stamp — ADMINISTRATIVE REMEDY BRANCH]

---

_____                    _____
DATE                                GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE          CASE NUMBER: __304823-A3__

**Part C—RECEIPT**
                                    CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION
SUBJECT: _____

_____                    _____
DATE                                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

Administrative Remedy No. 304823-A3
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal in which you state you should be given time from your initial arrest date of July 31, 1998.

You provide no new information in this matter beyond that which you supplied in your Request for Administrative Remedy at the institution and regional levels. The Bureau of Prisons considers an inmate's request for prior custody credit for time spent serving a state sentence as a request for a nunc pro tunc designation. Bureau policy states that a designation for concurrent service should be made only when it is consistent with the intent of the sentencing court or with the goals of the criminal justice system. The Southeast Regional Office reviewed your case for a concurrent designation and determined that granting such a request was inappropriate. A review of that decision indicates they have acted within the boundaries of their discretionary authority.

Although the state court ordered its sentence to run concurrently with the federal sentence, it has no jurisdiction over the federal sentence and how it will operate. Commencement of a federal sentence is governed by Title 18, U.S.C. § 3585(a).

Your sentence has been computed according to Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>, and all applicable statutes.

Your appeal is denied.

December 31, 2003
Date

Harrell Watts, Administrator
National Inmate Appeals

U.S. Department of Justice  
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Jackson Sedrick F__  __10064-035__  __Magnolia__  __Yazoo City, MS__
          LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.          UNIT              INSTITUTION

Part A—REASON FOR APPEAL (A-1) I served one year in the custody of the state while awaiting Federal sentence. I was sentenced on 7-14-99 by the state at the same time as the Federal sentence to run concurrent with 12 years served by the Federal court. 30 days after that I was transfered to a B.O.P facility approximatly one year before returning to state custody for classification purpose only. The agreement for pleading guilty to the state was that I received time served along with 5 years run concurrent with Federal time. I should be given time form my initial arrest date 7-31-98.

(A-2)

This is in response to my attempt at Informal Resolution.

Investigation of this matter reveals on May 30, 2000 BOP staff verified that you were committed to the BOP in error and should have completed your Louisiana Department of Corrections sentence first. On July 5, 2000 you were returned to the Louisiana Department of Corrections to finish your state sentence, the USM service western louisiana lodge a detainer against you for your federal convictions. All time from July 31, 1998, was applied to your state sentence per staff at Louisiana Department of Corrections. You completed your state sentence on May 21, 2001, a returned to federal custody to serve your federal sentence

__8-14-03__                                         __[signature]__
DATE                                               SIGNATURE OF REQUESTER

Part B—RESPONSE

_____    _____
          DATE                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE                    CASE NUMBER: __304823-R1__

Part C—RECEIPT

                                                 CASE NUMBER: _____

Return to: _____   _____  _____  _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT       INSTITUTION

SUBJECT: _____

BP-230(13)

Regional Administrative Remedy Appeal No. 304823-R2
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted September 5, 2003. You state your sentence computation is incorrect. It is your contention credit should be awarded toward the federal sentence for time spent in state custody. Specifically, you request credit toward the federal sentence from July 31, 1998, to May 21, 2001.

Records indicate you were arrested by state authorities on July 31, 1998, and remained in custody. You were removed from state custody on October 6, 1998, by a Writ of Habeas Corpus Ad Prosequendum to the Western District of Louisiana. On June 14, 1999, you were sentenced to a term of 144 months for Possession With Intent To Distribute Cocaine and Convicted Felon In Possession Of Ammunition. You were sentenced by the state on the same date to a term of 5 years. On June 30, 1999, you were inadvertently designated to a Bureau of Prisons' facility. You were later removed on a writ for resentencing. On July 5, 2000, your sentence was reduced to 86 months. After resentencing, you were returned to state custody. On May 21, 2001, you were released from state custody at which time the federal sentence commenced.

Title 18 U. S. C. Section 3585 (b) states, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." Bureau of Prisons' Program Statement 5880.28, Sentence Computation Manual-CCCA, states, "Presentence time credit shall not be given for any time spent serving another sentence, either federal or non-federal, except that presentence time credit and time spent serving a sentence that is vacated shall be creditable toward another sentence if the later sentence is based on the same charges that led to the prior, vacated sentence." You were credited by the state from July 31, 1998, to May 21, 2001. The same period of time cannot be credited toward the federal sentence. Based on your request for credit the court will be contacted regarding a nunc pro tunc designation which would allow a partial amount of the credit you seek. Once a response is received, you will be notified.

Your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the General Counsel, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

_____10/9/03_____                                    _____
Date                                                 Regional Director, SERO



U.S. Department of Justice

Federal Bureau of Prisons

*Southeast Regional Office*

*Building 2000*
*3800 Camp Creek Parkway, S.W.*
*Atlanta, Georgia 30331-6226*

October 17, 2003

Sedrick Jackson
Reg. No. 10064-035
Federal Correctional Institution
P. O. Box 5050
2225 Haley Barbour Parkway
Yazoo City, Mississippi 39194

Dear Mr. Jackson:

   This is in response to your request for credit toward a federal sentence for time spent in state custody.

   Based on your request, we forwarded correspondence to the sentencing court dated October 6, 2003, to determine if there was an objection to a nunc pro tunc designation which would allow the federal sentence to begin upon imposition. The court responded on October 14, 2003, objecting to a nunc pro tunc designation by the Bureau of Prisons.

   Your request has been reviewed in accordance with Bureau of Prisons' Program Statement 5160.05, <u>Designation of State Institution For Service of Federal Sentence,</u> which states, "A designation for concurrent service of sentence will be made only when it is consistent with the intent of the sentencing Federal court, or with the goals of the criminal justice system." It has been determined that a designation in your case does not meet these requirements. Your request for a nunc pro tunc designation is denied.

   I trust this response has adequately addressed your request.

                                        Sincerely,

                                        John A. Gaither, Regional
                                        Inmate Systems Administrator

cc: Phillip Jackson, ISM

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Jackson, Sed___    10664-035    Camp Maxwell    _____
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST** (A-1) I served one year in the custody of the state while awaiting federal sentence. I was sentenced on 7-14-99 by the state at the same time as the Federal sentence to run concurrent with 12 years served by the federal court. 30 days after that I was transfered to a B.O.P facility approximatly one year before returning to state custody for classification purpose only. The agreement for pleading guilty to the state was that I get time served along with 5 years run concurrent with Federal time. I should be given time from my initial arrest date 7-31-98.

(A-1)

This is in response to my Attempt at Informal Resolution.

Investigation of this matter reveals on May 30, 2000 BOP Staff verified that you were committed to the BOP in error and should have completed your Louisiana Department of Corrections sentence first. On July 5, 2000 you were returned to the Louisiana Department of Corrections to finish your state sentence, the USM Service Western Louisiana lodge a detainer against you for your federal convictions. All time from July 31, 1998, was applied to your state sentence per staff at Louisiana Department of Corrections. You completed your state sentence on May 21, 20__, returned to federal custody to served your federal sentence.

_____    _____
DATE    SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED
JUL 16 2003

See attached.

_____    _____
DATE    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

__FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE_____    CASE NUMBER: _____

                                                                 CASE NUMBER: _____
**Part C- RECEIPT**
Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____    _____
DATE    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

**Response to Administrative Remedy Case Number: 304823-F1**

This is in response to your Request for Administrative Remedy dated July 15, 2003. You allege that you should receive credit on your federal sentence for time served with the Louisiana Department of Corrections.

Investigation into this matter reveals that on May 30, 2000, Bureau of Prisons staff verified that you were committed to a Bureau of Prisons facility in error. You should have completed your sentence with the Louisiana Department of Corrections first. On July 5, 2000, you were returned to the Louisiana Department of Corrections in order to finish your state sentence. The United States Marshals Service lodged a detainer against you for your federal conviction. Per staff at the Louisiana Department of Corrections, all time from July 31, 1998, was applied to your state sentence. You completed your state sentence on May 21, 2001, and returned to federal custody to serve your federal sentence. Your sentencing judge did not specify that your federal sentence would run concurrent with your state sentence. When it is not specified, the sentence will run consecutively.

Based on our findings, your Request for Administrative Remedy is **DENIED**. If dissatisfied with this response, you may appeal to the Regional Director, Southeast Regional Office, at Building 2000, 3800 Camp Creek Parkway, SW, Atlanta, Georgia 30331-6226. Your appeal must be received in the Regional Director's Office within 20 calendar days of the date of this response.

_____          8/11/03
M. Pettiford, Warden                             Date

# Attempt at Informal Resolution

Name: Sedrick Jackson
No.: 10064-035       Unit: 2 up

**COMPLETED BY INMATE:**

Briefly state your complaint. Include all details and facts which support your request and the date on which the complaint occurred.

Served one year in the custody of the state while awaiting federal sentence. I was sentenced on 2-14-99 by the state at the Same time as the federal sentence to run ~~concurrent with 12 years sentence. I also served another year federal~~ ~~ng, returned to federal custody never stoped.~~

What actions are you requesting to resolve your complaint?

~~Agreement to plead guilty to the State was to run the 5 years~~ ~~ent with the federal custody on 5-21-01~~

**COMPLETED BY STAFF:**

State below the efforts made to resolve the matter. Be specific but brief. Include names of staff contacted to attempt resolution. (Use back of this form if necessary.)

Agreement to plead guilty to the state was to run the concurrent with the federal sentence and I should be credit from the date of my arrest on 2-31-98 as custody never stoped.

_____     _____     _____
Counselor/Date                  Inmate Signature/Date        Unit Manager Review/Date

Attach any pertinent documentation related to the inmate's complaint.

| BP-8 Issued to Inmate | BP-8 Returned To Counselor | BP-9 Issued To Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin. Remedy Coord. |
|---|---|---|---|---|
| 24/02 | | | | |
| (signature) | | | | |

**Response to Attempt at Informal Resolution**
**JACKSON, Sedrick**
**Reg. No. 10064-035**

This is in response to your Attempt at Informal Resolution.

Investigation of this matter reveals on May 30, 2000, BOP Staff verified that you were committed to the BOP in error and should have completed your Louisiana Department of Corrections sentence first. On July 5, 2000 you were returned to the Louisiana Department of Corrections to finish your state sentence, the USM Service Western Louisiana lodge a detainer against you for you federal convictions. All time from July 31, 1998, was applied to your state sentence per staff at Louisiana Department of Corrections. You completed your state sentence on May 21, 2001, a returned to federal custody to served your federal sentence.

_____          _7/8/03_____
Phillip Jackson                                        Date
Inmate Systems Manager