# EXHIBIT 6

**Regional Administrative Remedy, and Response dated October 9, 2003**

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Jackson Sedrick F__  __10064-035__  __Magambia__  __Yazoo City, MS__
        LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.         UNIT              INSTITUTION

Part A—REASON FOR APPEAL (A-1) I served one year in the custody of the state while awaiting Federal senetnce. I was sentenced on 7-14-99 by the state at the same time as the Federal sentence to run concurrent with 12 years served by the Federal court. 30 days after that I was transfered to a B.O.P facilty approximatly one year before returning to state custody for classification purpose only. The agreement for pleading guilty to the state was that I received time served along with 5 years run conmurrent with Federal time. I should be given time form my initial arrest date 7-31-98.

(A-2)

This is in response to my attempt at Informal Resolution.

Investigation of this matter reveals on May 30,2000 BOP staff verified that you were committed to the BOP in error and should have completed your Louisiana Department of Corrections sentence first. On July 5,2000 you were returned to the Louisiana Department of Corrections to finish your state sentence, the USM service western louisiana lodge a detainer against you for your federal convictions. All time from July 31,1998, was applied to your state sentence per staff at Louisiana Department of Corrections. You completed your state sentence on May 21,2001, a returned to federal custody to serve your federal sentence

__8-18-03__                                __Sedrick Jackson__
    DATE                                    SIGNATURE OF REQUESTER

Part B—RESPONSE

          DATE                                    REGIONAL DIRECTOR      R-2

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.                                    CASE NUMBER: __304823-R-1__

FIRST COPY: REGIONAL FILE COPY                                    CASE NUMBER: _____

Part C—RECEIPT

                                            CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL                  UNIT        INSTITUTION

SUBJECT: _____

**EXHIBIT 6**

_____
USP LVN    DATE    Previous editions not usable    RECEIPT OF REGIONAL APPEAL
                                                                    BP-230(13)
                                                                    APRIL 1982

Regional Administrative Remedy Appeal No. 304823-R2
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted September 5, 2003. You state your sentence computation is incorrect. It is your contention credit should be awarded toward the federal sentence for time spent in state custody. Specifically, you request credit toward the federal sentence from July 31, 1998, to May 21, 2001.

Records indicate you were arrested by state authorities on July 31, 1998, and remained in custody. You were removed from state custody on October 6, 1998, by a Writ of Habeas Corpus Ad Prosequendum to the Western District of Louisiana. On June 14, 1999, you were sentenced to a term of 144 months for Possession With Intent To Distribute Cocaine and Convicted Felon In Possession Of Ammunition. You were sentenced by the state on the same date to a term of 5 years. On June 30, 1999, you were inadvertently designated to a Bureau of Prisons' facility. You were later removed on a writ for resentencing. On July 5, 2000, your sentence was reduced to 86 months. After resentencing, you were returned to state custody. On May 21, 2001, you were released from state custody at which time the federal sentence commenced.

Title 18 U. S. C. Section 3585 (b) states, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." Bureau of Prisons' Program Statement 5880.28, Sentence Computation Manual-CCCA, states, "Presentence time credit shall not be given for any time spent serving another sentence, either federal or non-federal, except that presentence time credit and time spent serving a sentence that is vacated shall be creditable toward another sentence if the later sentence is based on the same charges that led to the prior, vacated sentence." You were credited by the state from July 31, 1998, to May 21, 2001. The same period of time cannot be credited toward the federal sentence. Based on your request for credit the court will be contacted regarding a nunc pro tunc designation which would allow a partial amount of the credit you seek. Once a response is received, you will be notified.

Your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the General Counsel, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

10/9/03
Date

Regional Director, SERO