# EXHIBIT 9

**Letter to John Gaither from Judge Little
dated October 14, 2003**



# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
#### P. O. BOX 1031
#### ALEXANDRIA, LOUISIANA 71309

(318) 473-7375
FAX (318) 473-7356

**F. A. Little, Jr.**
District Judge

14 October 2003



Mr. John A. Gaither
Regional Inmate Systems Administrator
Federal Bureau of Prisons
Building 2000
3800 Camp Creek Parkway, S.W.
Atlanta, GA 30331-6226

Re: Sedrick Jackson CR98-10018-01

Dear Mr. Gaither:

The matter that you discussed in your letter of 6 October concerning the sentence of the captioned prisoner has been reviewed. At the time of the commission of the federal offense, Jackson was on parole. He was under the supervision of the Louisiana Department of Corrections. After being convicted and sentenced by me for the federal offense, Jackson's State of Louisiana parole was revoked in June of '99. He was ordered to serve five years in the custody of the Louisiana Department of Corrections. At the time when I sentenced him, there was no undischarged term of imprisonment for me to consider.

According to the provisions of USSG §5G1.3 and 7B1.3, if the defendant was on federal or state parole, or supervised release at the time of the offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release. The state charge was completely separate and unrelated to the federal offense.

It is my considered opinion that the state and federal sentences should run consecutive to each other.

Sincerely,

F. A. Little, Jr.
District Judge

**EXHIBIT**

9