**EXHIBIT 13**

**PROGRAM STATEMENT 5580.28, Relevant Pages**



U.S. ⌐ partment of Justice
Federal Bureau of Prisons

# Program Statement



**OPI:** CPD
**NUMBER:** 5880.28
**DATE:** CN-06, 7/19/99
**SUBJECT:** Sentence Computation
Manual (CCA of 1984)

1. **PURPOSE AND SCOPE.** This Program Statement transmits the "Sentence Computation Manual" which establishes the policies and procedures for the computation of sentences imposed for violations of the United States Code under the statutes of the Comprehensive Crime Control Act of 1984 (CCCA).

On October 12, 1984, President Reagan signed the Comprehensive Crime Control Act of 1984 (CCCA) into law. Two major components of this law, the Sentencing Reform Act of 1984 (SRA) and the Insanity Reform Act of 1984, completely restructured the sentencing guidelines and policies of the United States Courts.

After the effective date of the SRA on November 1, 1987, a number of United States Court decisions found all or parts of the SRA unconstitutional. As a result, the SRA was implemented nationally in various ways.

On January 18, 1989, in **Mistretta** v. **U.S.**, the Supreme Court considered the constitutionality of the sentencing guidelines and ruled that the guidelines were constitutional. This Manual provides instructions for computing sentences imposed under the CCCA both before and after the **Mistretta** decision.

2. **DIRECTIVES AFFECTED**

   a. **Directives Rescinded.** None.

   b. **Directives Referenced.** None.

EXHIBIT

tabbies®

13

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 14

    **c.** **Prior Custody Time Credit.** The SRA includes a new statutory provision, 18 U.S.C. § 3585(b), that pertains to "credit for prior custody" <u>and is controlling for making time credit determinations for sentences imposed under the SRA.</u> Title 18 U.S.C. § 3568, repealed effective November 1, 1987, as implemented by the <u>"Old Law" Sentence Computation Manual</u>, remains the controlling statute for all sentences imposed for offenses that occurred on or after September 20, 1966 up to November 1, 1987.

    <u>Statutory Authority</u>: Prior custody time credit is controlled by 18 U.S.C. § 3585(b), and states, **"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--**

        **(1) as a result of the offense for which the sentence was imposed; or**

        **(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;**

    **that has not been credited against another sentence."**

    <u>Definitions</u>:

    **Raw EFT:** The Raw EFT for both a federal and non-federal sentence is determined by adding the total length of the sentence to be served to the beginning date of the sentence resulting in a full term date of sentence (**Raw EFT**) that does not include any time credit, e.g., presentence or prior custody time or good time. (Inoperative time that may affect either the state or federal **Raw EFT** shall be referred to the RISA for assistance.)

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 16

Time spent serving a **civil contempt** sentence **does not** constitute presentence time credit toward any criminal sentence that has been interrupted by, or that is running along concurrently with, or that is to be served consecutively to, the criminal sentence.

Official detention does not include any time in a release status even though the defendant is considered "in custody" for purposes of pursuing a habeas corpus petition with the court, as cited by the U.S. Supreme Court in <u>Hensley v. Municipal Court</u>, 411 U.S. 345 (1973) (see also <u>Cochran v. U.S.</u>, 489 F.2d 691 (5th Cir. 1974); <u>Villaume v. United States</u>, 804 F.2d 498 (8th Cir. 1986) (per curiam), <u>cert. denied</u>, 481 U.S. 1022 (1987)).

(1)  Any part of a day spent in official detention equals one day for credit purposes.  Prior custody time credit shall be applied in the following manner for the following situations:

(a)  Credit related to 18 U.S.C § 3585(b)(1).

<u>1</u>  Credit will be given for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed (and not as a result of a writ from another jurisdiction), provided it has not been credited against another sentence. (See Example:  1)

\*              Frequently, the date on which the person is arrested for the charge on which the subsequent sentence is imposed is earlier than the "date offense concluded" as shown on

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 16A



In this example, the time spent in official detention is the direct result of the federal offense, and the state has merely borrowed the prisoner on writ and imposed sentence. All time spent in custody must be applied to the federal computation, regardless of any action taken by the state.

Example: 1

the judgment and commitment. There are a variety of reasons for this anomaly. Some courts have used the date of the indictment, others have used the date a conspiracy or fraud ends (even though the person was arrested for participation prior to that date),and on occasion the date was simply incorrect. If it can be verified that a person was in official detention on the charge for which the sentence was imposed prior to the "date offense concluded" as shown on the judgment and commitment, then such time shall be awarded regardless of the date of offense on the judgment and commitment order.

Credit shall **not** be given off a **Failure to Appear** sentence for time in official detention that occurred prior to the sentence that led to the **Failure to Appear** sentence because any such time would have occurred prior to the **Failure to Appear** date of offense. Time spent in official detention after

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 17

arrest for Failure to Appear shall, of course, be given off the
Failure to Appear sentence.                                      *

     2  Credit will not be given for any portion of
time spent serving another sentence regardless of whether the
sentence is federal, state, or foreign.  The following exceptions
apply:

     a  Time spent serving another foreign or
state sentence that is vacated may be creditable as prior custody
time credit provided the sentence was not vacated merely for
resentencing.  Any such time which is credited must be time spent
after the commission of the federal offense.  If a vacated state
or foreign sentence results in a re-trial and subsequent
resentencing, any credit applied to that resentencing must be
removed from the federal sentence computation, provided the
inmate has not yet been released from that sentence.

     b  Time spent serving another federal,
foreign or state sentence that is vacated merely for resentencing
shall not have any effect on the SRA sentence computation until
such time as the inmate is resentenced.  If the resentencing
results in a term which is less than the time the inmate has
already served on the vacated sentence, the excess time not now
credited to any other sentence shall be credited to the SRA term
provided it was time spent after the commission of the federal
offense.