2:06CV509-WHA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SEDRICK JACKSON, #10064-035                                          PETITIONER

VS.                                                CIVIL ACTION NO. 5:04cv19-DCB-JCS

CONSTANCE REESE, WARDEN[1]                                            RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Petition filed pursuant to 28 U.S.C. § 2241. For the reasons explained below, the undersigned finds that the Court is without jurisdiction to consider this Petition, and, therefore, finds that this matter should be transferred to the United States District Court for the Middle District of Alabama, in whose jurisdiction the Petitioner and his current custodian may be found.

DISCUSSION

When the Petitioner filed this action, he was an inmate at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI-Yazoo City"). On May 31, 2006, the Inmate Locator on the official internet web site of the Bureau of Prisons showed that the Petitioner was housed at Montgomery-FPC located near Montgomery, Alabama, even though his address on the Court's records remained FCI-Yazoo City. Named as Respondent in this action is Michael Pettiford, the Warden of FCI-Yazoo City at the time the action was filed.

Under Title 28 U.S.C. § 2242, the application for a writ of habeas corpus shall "name ... the person who has custody over" the petitioner as the respondent. Accordingly, when this action was filed,

---

[1] The proper Respondent is Constance Reese, the current Warden at the Federal Correctional Complex, Yazoo City, Mississippi, rather than Michael Pettiford, the former Warden.

1



the proper respondent was Pettiford, the Warden of FCI-Yazoo City where Jackson was housed. See Braden v. 30th Judicial Circuit, 410 U.S. 484 (1973). However, since Jackson's transfer to the facility in Alabama, Petitioner's custodian is not within this district. "It is well settled that "'[a] district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner.'" Ledher v. Thornburgh, 733 F.Supp. 454 (D. D.C. 1990)(quoting Guerra v. Meese, 786 F.2d 414 (D.C. Cir. 1986)). Moreover, the United States Supreme Court has recently discussed this issue, finding "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). In Padilla, the Supreme Court further expounded upon the issue, stating, as follows:

> In habeas challenges to *present* physical confinement... the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent. This is because, as we have held, the immediate custodian rule applies to core habeas challenges to present physical custody. By definition, the immediate custodian and the prisoner reside in the same district.

Id., 542 U.S. at 444 (emphasis in original). In reaching this conclusion, the Supreme Court noted that "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." Id., 542 U.S. at 441 (citing Ex parte Endo, 323 U.S. 283(1944)). However, this proposition does not assist the Petitioner in this case because his immediate custodian, the Warden of Montgomery-FPC, is not within this court's jurisdiction, and the named Respondent, Pettiford, as former Warden of FCI-Yazoo City, and the current Warden of FCI-Yazoo City, Constance Reese, no longer have legal authority to effectuate Jackson's release.

Accordingly, because this Court does not have jurisdiction over Jackson's current custodian in Alabama, this court lacks jurisdiction to consider his petition. Moreover, 28 U.S.C. §§ 1404(a) and

2

1406(a) provide for discretionary transfers of cases. Therefore, the Court hereby orders the Clerk of Court to transfer this action, along with all records and pending motions, to the United States District Court for the Middle District of Alabama, P.O. Box 711, Montgomery, Alabama, 36101-0711, where jurisdiction will lie. See Diogenes v. Malcolm, 600 F. Supp. 815 (E.D. Pa. 1985)(action transferred to district court in which federal prisoner was housed); Scott v. United States, 586 F. Supp. 66 (E.D. Va. 1984)(action dismissed for lack of jurisdiction over petitioner and warden); see also Ledher v. Thornburgh, 733 F. Supp. 454 (D. D.C. 1990)(action dismissed for lack of jurisdiction because appropriate respondent not within the court's jurisdiction was not named as respondent in suit); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999)(§ 2241 petition "must be filed in the district where the prisoner is incarcerated.").

SO ORDERED, this the __1st__ day of June , 2006.

s/ James C. Sumner_____
UNITED STATES MAGISTRATE JUDGE

A TRUE COPY, I HEREBY CERTIFY.
J. T. NOBLIN, CLERK
BY: _____
DEPUTY CLERK