IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SEDRICK F. JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-509-WHA |
| | ) |
| WARDEN SCOTT MIDDLEBROOKS,[1] | ) |
| | ) |
| Respondent. | ) |

**ORDER**

In this 28 U.S.C. § 2241 petition for habeas corpus relief, the petitioner, a federal inmate now confined at the Maxwell Federal Prison Camp, contends that he is entitled to credit on his 1999 federal sentence for time served on a sentence imposed by the State of Louisiana. The respondents filed an answer and supporting evidentiary materials addressing the instant petition for habeas corpus relief in which they contend that this petition is due to be denied because the petitioner is entitled to no relief. Specifically, the respondents maintain and the evidentiary materials establish that the federal court did not order Jackson's federal sentence to run concurrent with his state sentence and the sentencing judge specifically objected to designation of a state institution *nunc pro tunc* for service of the federal sentence. *See Respondents' Exhibit 9*.

---

[1] 1. The proper respondent at this time is Scott Middlebrooks, the warden at the Maxwell Federal Prison Camp.

The law is well settled that a federal district court is authorized to impose a federal sentence consecutive to an existing state sentence and order that the federal sentence not begin until completion of the state sentence even when the state court has ordered that its sentence run concurrently with the federal sentence. *United States v. Adair*, 826 F.2d 1040, 1041 (11th Cir. 1987); *see also United States v. Ballard*, 6 F.3d 1502, 1506-1509 (11th Cir. 1993).

> Under the principle of dual sovereignty, a defendant may be prosecuted and sentenced by state and federal governments if his conduct violates the laws of each sovereign. *United States v. Wheeler*, 435 U.S. 313, 316-18, 98 S.Ct. 1079, 1082-83, 55 L.Ed.2d 303 (1978); *United States v. Ballard*, 6 F.3d 1502, 1507 (11th Cir. 1993). We specifically have held that a federal court is authorized to impose a federal sentence consecutive to a state sentence, although the state court explicitly made its sentence concurrent with the federal sentence. *United States v. Adair*, 826 F.2d 1040, 1041 (11th Cir. 1987)(per curiam). A federal court is entitled to ignore a state court's imposition of such a sentence because adherence would encroach upon the federal court's sentencing authority "by, in effect, eliminating the federal sentence." *Ballard*, 6 F.3d at 1509.

*Finch v. Vaughn*, 67 F.3d 909, 914 (11th Cir. 1995). With respect to Jackson's claim of entitlement to credit on his federal sentence while confined in federal custody during which time he received credit on his state sentence, the respondents maintain that federal credit is not warranted because the state maintained primary jurisdiction over Jackson for this period of time, *Zerbst v. McPike*, 97 F.2d 253, 254 (5th Cir. 1938), and credit towards the federal sentence during such time is therefore not appropriate as Jackson was only on loan from the state. *Causey v. Civilette*, 621 F.2d 691, 693 (5th Cir. 1980). Moreover, it is clear that

prisoners should not be given double credit for non- concurrent sentences. *Lipscomb v. Clark,* 468 F.2d 1321, 1323-24 (5th Cir.1972) (prisoner received all the credit to which he was entitled because, where the execution of the prisoner's warrant on one charge merely had been interrupted by sentence imposed on another charge, giving full credit for this period of incarceration on both non-concurrent sentences "would be double counting against the government").

Accordingly, it is

ORDERED that on or before July 5, 2006 the petitioner may file a response to the answer filed by the respondents. Any documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. At any time after July 5, 2006 the court will determine whether an evidentiary hearing is necessary. If it appears that an evidentiary hearing is not required, the court will dispose of the petition as justice requires. *Cf.* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is instructed that when responding to the respondents' answer he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on the grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must

be attached to the affidavits or served with them.  When the petitioner attacks the respondents' answer by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *Cf.* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is specifically cautioned that if he fails to file a response to the answer within the time allowed by the court, the court thereafter will proceed to consider the merits of the petition.

Done this  13th day of June, 2006.

                                 **/s/ Delores R. Boyd**
                                 DELORES R. BOYD
                                 UNITED STATES MAGISTRATE JUDGE

                                 for

                                 VANZETTA  PENN  MCPHERSON
                                 UNITED STATES MAGISTRATE JUDGE