IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SEDRICK F. JACKSON,                    )
                                       )
        Petitioner,                    )
                                       )
v.                                     )        Civil Action No. 2:06cv509-WHA
                                       )                (WO)
                                       )
M. PETTIFORD, *et al.*,                )
                                       )
        Respondents.                   )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief

filed on or around March 22, 2006, by federal inmate Sedrick F. Jackson ("Jackson"). In his

petition (Doc. No. 1), Jackson argues that the Federal Bureau of Prisons ("BOP") has

incorrectly calculated his sentence. Upon review of Jackson's petition, the supporting and

opposing submissions, and the record in this case, the court concludes that Jackson is not

entitled to any relief.

## I.    FACTUAL BACKGROUND[1]

On July 31, 1998, Jackson was arrested on drug and firearm charges by Louisiana law

enforcement officials. At the time of his arrest, Jackson was on parole for a previous

Louisiana state conviction. Following his arrest, he remained jailed and in the primary

custody of the State of Louisiana until September 21, 1998, when, pursuant to a writ of

---

[1]The court has gleaned most of the pertinent facts from Jackson's petition and accompanying
documents, as well as the answer and supporting exhibits filed by the federal respondents.

habeas corpus ad prosequendum, he was taken into temporary federal physical custody so that he could be tried on federal charges of cocaine distribution and possession of ammunition by a convicted felon. Jackson maintains that these federal charges arose from the same conduct that formed the basis of his July 31, 1998, arrest by Louisiana authorities.

On October 6, 1998, Jackson entered guilty pleas to the federal drug and gun charges in the United States District Court for the Western District of Louisiana. On June 14, 1999, the federal district court sentenced Jackson to 144 months in prison. On that same date, Jackson also entered guilty pleas in Louisiana state court to state charges of cocaine distribution and being a felon in possession of a firearm. The state court sentenced Jackson to five years in prison, to run concurrently with any federal and state time already being served. It appears that Jackson's state parole was also revoked in June 1999 as a result of his new criminal offenses. A review of the record reveals that Jackson's federal sentence is silent regarding its relation to any state charges or sentences.[2]

On July 22, 1999, Jackson was incorrectly designated and placed in a federal correctional institution rather than being returned to Louisiana state custody to complete service of his state sentences. On July 5, 2000, after federal officials learned of this mistake, Jackson was transferred to Louisiana state custody to serve his state sentence in a Louisiana

---

[2]According to the provisions of U.S.S.G. § 5G1.3 and 7B1.3, if a defendant was on federal or state parole or supervised release at the time of the offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for violation of probation, parole, or supervised release.

penitentiary, and a federal detainer was issued.  That same month, the federal district court reduced Jackson's federal sentence from 144 months to 86 months.

On May 21, 2001, with Jackson's state sentence fully served, the State of Louisiana released Jackson to his federal sentence.  The BOP computed Jackson's federal sentence as beginning on that date.  The record indicates that Louisiana authorities credited all time running from Jackson's July 31, 1998, arrest through his May 21, 2001, return to a federal facility against his state sentence.

## II.    DISCUSSION

Jackson argues that he is entitled to credit against his federal sentence for all time served from his July 31, 1998, arrest until his transfer to a Louisiana state penitentiary in July 2000.  He  premises his argument on 18 U.S.C. § 3585(a), which provides:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).  Jackson maintains that the time during which he was mistakenly incarcerated in a federal institution should be counted as service toward  his federal sentence, even though Louisiana authorities credited all such time against his state sentence once it was determined that his initial placement in a federal institution was in error.

In *Free v. Miles*, 333 F.3d 550 (5th Cir. 2003), the Fifth Circuit Court of Appeals considered a somewhat similar factual situation:

> [I]n November 1996 ... the State of Texas convicted [Free] for cocaine

3

delivery, sentenced him to eight years' imprisonment, and incarcerated him in a state prison. The next month, a federal grand jury indicted him on two counts of distribution of cocaine based on facts unrelated to those underlying his state conviction; and Free was transferred to federal custody on a writ of habeas corpus ad prosequendum.

In federal court, Free pleaded guilty to a single count of cocaine base distribution, and, in June 1997, the district court sentenced him to 100 months' imprisonment in federal prison, to be followed by five years' supervised release. The district court's sentencing order did not specify whether Free's federal sentence would be served concurrently with or consecutively to his state sentence, and Free did not file a direct appeal.

Following his federal sentencing, Free was transferred, on June 27, 1997, to a Federal Correctional Institute ("FCI") in Colorado. In December of that year, Bureau of Prison ("BOP") officials realized their mistake: Free should have been returned to the Texas Department of Corrections ("TDC") to complete his state sentence before starting to serve his federal sentence. The BOP returned Free to state custody on December 29, 1997.

333 F.3d at 551.

After canvassing the few, other similar cases, the Fifth Circuit held that because

Free's total time of incarceration in both federal and state prisons was not increased as a

result of the government's actions, he was not entitled to the relief he sought.

The rule against piecemeal incarceration precludes the government from artificially extending the expiration date of a prison sentence; the rule does not, however, justify or mandate that a prisoner receive a "get out of jail early" card any time that such a minuet occurs, even when the prisoner is not at fault.

Id. at 555.

Title 18 U.S.C. § 3585(b) specifies:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence

commences–

    (1) as a result of the offense for which the sentence was imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).  In *United States v. Wilson*, 503 U.S. 329 (1992), the Supreme Court stated that when Congress enacted 18 U.S.C. § 3585(b) it "made clear that a defendant could not receive a double credit for his detention time."  503 U.S. at 337.

It is apparent from the record in the instant case that Jackson's total time of incarceration in both federal and state prisons has not been – and will not be – increased by mistakenly serving the first part of his state sentence in a federal institution.  *See Dunne v. Keohane*, 14 F.3d 335, 337 (7th Cir. 1994) (because government's action did not postpone expiration of habeas petitioner's sentence, BOP was not required to make a federal sentence run concurrently with, rather than consecutively to, petitioner's state sentence, and BOP could have deemed service of the federal sentence to begin on date when the state sentence expired).  Jackson received credit against his state sentence for the time he was on federal writ, including all the time he was mistakenly incarcerated in a federal facility when he should have been in a state prison in Louisiana.  Thus, Jackson fails to prove that he is serving the incorrect time for his federal sentence.[3]

---

[3]Jackson has no basis for contending that he should receive credit on his federal sentence for time served on the state sentence that the state court ordered run concurrently with his federal sentence.  Because of the division of powers between the federal government and the states, a

Jackson also asserts that his state and federal offenses were related and that, therefore, the federal district court, when imposing his sentence, improperly applied U.S.S.G. § 5G1.3 by running his federal sentence consecutive to his state sentence. However, if Jackson wishes to challenge this aspect of his federal sentence, the proper method for doing so would be filing a 28 U.S.C. § 2255 motion in the sentencing court, i.e., the United States District Court for the Western District of Louisiana. *See e.g., Pack v. Yusuff*, 218 F.3d 448, 451-52 (5th Cir. 2000).

Finally, while a search of the Inmate Locator on the BOP's website[4] indicates that Jackson is currently incarcerated at a federal penitentiary in Houston, Texas, this court has some question as to whether the sentence Jackson is now serving is for the drug and firearm convictions that form the basis of the sentence at issue in his habeas petition. A review of docket information available on the PACER ("Public Access to Court Electronic Records") system[5] and other materials before this court suggests that Jackson completed service of that sentence sometime in 2007 and that his current sentence (15 months' imprisonment) was imposed in March 2008 based on his violation of mandatory conditions of his supervised

---

defendant may not, by agreement with state authorities, compel the federal government to impose a sentence that is concurrent with an existing state sentence. *Hawley v. United States*, 898 F.2d 1513 (11th Cir. 1990). Consequently, the federal authorities are not compelled to give Jackson credit toward his federal sentence for any time served in state prison because the federal court did not order that the federal sentence run concurrently with any other sentence.

[4]*See* **http://www.bop.gov/** .

[5]*See United States v. Jackson*, Case No. 1:98cr10018-FAL-JDK (W.Dist.La.), Doc. Nos. 46-50.

release from his federal sentence.  If this is indeed the case, Jackson's challenge to the BOP's

calculation of his sentence for the drug and firearm conviction has become moot.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition

for § 2241 habeas relief be denied.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or

before July 16, 2008.  A party must specifically identify the findings in the Recommendation

to which objection is made; frivolous, conclusive, or general objections will not be

considered.  Failure to file written objections to the Magistrate Judge's proposed findings and

recommendations shall bar a party from a de novo determination by the District Court of

issues covered in the Recommendation and shall bar the party from attacking on appeal

factual findings accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v.*

*Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*,

661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 3rd day of July, 2008.


_____/s/Wallace Capel, Jr._____
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE